

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISON

CHARLES H. WILLIAMS, M.D.                                          PLAINTIFF

VS.                         CIVIL ACTION, FILE NO: 3:16-cv-328 CWR-LRA

BRENTWOOD BEHAVIORAL HEALTHCARE
OF MISSISSIPPI, LLC, d/b/a Brentwood Hospital; and
JIM HOOD, Attorney General of Mississippi                          DEFENDANTS

## PETITION FOR A WRIT OF HABEAS CORPUS

COMES NOW the plaintiff, Charles H. Williams, M.D., by and through his attorney, and pursuant to 28 *U.S.C.A.* §§ 2241 and 2254, files this Petition for a Writ of Habeas Corpus against defendant, Brentwood Behavioral Healthcare of Mississippi, d/b/a Brentwood Hospital, and Jim Hood, Attorney General of the state of Mississippi; and in support thereof, the plaintiff would show the following, to-wit:

1.  The plaintiff is Charles H. Williams, M.D., who is an actual, adult, resident and citizen of Madison County, Mississippi.

The defendants are

(a)  Brentwood Behavioral Healthcare of Mississippi, LLC, d/b/a Brentwood Hospital, whose principal place of business is located at 3531 East Lakeland Drive, Flowood, Rankin County, Mississippi; and

(b)  Jim Hood, Attorney General of the state of Mississippi, whose address is 550 High Street, Suite 1200, Jackson, Mississippi 39201.

2.  As is hereinafter more fully set forth, the plaintiff, who has not committed or been convicted of any crime, is presently being illegally confined and detained by defendant, Brentwood Behavioral Healthcare of Mississippi, LLC, at its mental hospital, located at 3531

1

East Lakeland Drive, Flowood, Mississippi, pursuant to void *ex parte* Emergency Order of the Chancery Court of Rankin County, Mississippi, and which order was rendered in violation of the plaintiff's constitutional right to substantive and procedural due process and his right of equal protection under the law.

3. On April 19, 2016, the Chancery Court of Rankin County, Mississippi, Judge John C. McLaurin, Jr., presiding, entered an *ex parte* Emergency Order in civil action no. 14-0539, entitled "*In the Matter of the Conservatorship of Charles H. Williams*," and which order involuntarily committed the plaintiff to the mental hospital operated by Brentwood Behavioral Healthcare of Mississippi, LLC, for an unspecified period of time. A true and correct copy of such *ex parte* Emergency Order is attached hereto as Exhibit "A."

4. The Emergency Order was entered *ex parte* in violation of the plaintiff's rights of due process, and contrary to specific provisions of the Mississippi law with respect to involuntary commitments, being *Miss. Code Ann.* §§41-21-61, *et seq*. The Chancellor made no finding that plaintiff suffered from a mental illness and was dangerous to himself or others. In addition, the *ex parte* Emergency Order was rendered without the filing of any sworn petition or affidavit, without any hearing, and in the absence of the plaintiff and his attorney, who were never given any prior notice of such proceeding or any opportunity to be heard in opposition thereto.

5. The *ex parte* Emergency Order was not based upon any medical testimony or report, as the Chancellor wholly failed to appoint two reputable, duly licensed physicians or one such physician and one psychologist, nurse practitioner or physician's assistant to conduct a physical and mental examination of the plaintiff, and, accordingly, no medical report was ever filed by any such medical professional for the Chancellor's consideration.

6. The Chancellor wholly failed to consider any reasonable alternatives to commitment.

7. Moreover, the Chancellor wholly failed to follow and adhere to any of the legal requirements for involuntary commitment, as set forth in *Miss. Code Ann.*, §§41-21-61, *et seq.*

8. As evidenced by his previous commitment order, dated March 21, 2016, Chancellor McLaurin has apparently taken the position that plaintiff, as the ward in the pending conservatorship proceeding in the Chancery Court of Rankin County, has no constitutional or statutory rights of due process of law and may instead be "voluntarily" committed at any time by his conservatrix, who is his sister, Lou Anne Harper, and forced to undergo psychiatric treatment against his will and without any notice to or opportunity to be heard in opposition to such "voluntary" commitment, whenever his conservatrix, in the exercise of her discretion, determines, after consultation with plaintiff's physicians, that such "voluntary" commitment or psychiatric treatment is reasonably necessary. A true and correct copy of such order, dated March 21, 2016, is attached hereto as Exhibit "B." Surely, this interpretation of the law violates the plaintiff's constitutional right of equal protection under the law.

9. Plaintiff has repeatedly asked to be discharged from his involuntary confinement in Brentwood Hospital, but his physiatrist at Brentwood Hospital, a Dr. Gupta, has steadfastly failed and refused to discharge him, claiming instead that Brentwood Behavioral Healthcare of Mississippi, LLC, has the legal authority to hold plaintiff indefinitely under the *ex parte* Emergency Order, dated April 19, 2016.

10. Circumstances exist which make the processes and remedies available to plaintiff in state court ineffective to protect his rights.

11. Plaintiff asserts that this petition involves only matters of law, as there is no genuine dispute as to the facts of this case, as hereinabove set forth.

12. The *ex parte* Emergency Order, dated April 19, 2016, is null and void, and the plaintiff's commitment under and pursuant to such *ex parte* order is unconstitutional and illegal and has resulted in the plaintiff being confined and imprisoned illegally and against his will in a mental hospital and wholly without any due process or equal protection of the law.

WHEREFORE, the plaintiff moves the Court to issue a writ of habeas corpus or an appropriate order directing Brentwood Behavioral Healthcare of Mississippi, LLC, to show cause within three days time as to why such writ should not be issued and to make a return showing the true cause of plaintiff's detention; and that the court will set this matter for hearing not more than five days after its receipt of said return; and upon such hearing that the court will summarily hear and determine the facts and finally dispose of this matter as justice requires; and, in addition, plaintiff moves the court to issue a stay before or after final judgment to prevent the initiation of any proceeding in state court that involves the matters set forth in this petition.

RESPECTFULLY SUBMITTED,

CHARLES H. WILLIAMS, M.D.

By: _____
J. M. RITCHEY, His Attorney

J. M. Ritchey
Attorney At Law
MS Bar No: 5369
P. O. Box 286
133 South Union St.
Canton, MS 39046
601.859.4141 - Telephone
601.859.4178 - Facsimile
jakeritchey@comcast.net
*Attorney for Plaintiff, Charles H. Williams*

STATE OF MISSISSIPPI
COUNTY OF MADISON

PERSONALLY appeared before me, the undersigned authority in and for the state and county aforesaid, the within named J. M. RITCHEY, who, having been by me first duly sworn, stated upon his oath that all of the matters set forth in the above and foregoing document are true and correct as therein stated.

_____
J. M. RITCHEY

Sworn to and subscribed before me, this the 28 day of April, 2016.

_____
NOTARY PUBLIC
by Cheryl J Houston, DC.

My Commission Expires:

My Commission Expires Jan. 6, 2020

5